Steven G. Biddle; AZ Bar No. 012636
sbiddle@littler.com
Cory G. Walker; AZ Bar No. 027853
cwalker@littler.com
Melissa L. Shingles; AZ Bar No. 032645
mshingles@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARIBEL ALVAREZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DIRECT ENERGY BUSINESS MARKETING, LLC, DIRECT ENERGY BUSINESS, LLC, DBA DE BUSINESS, LLC, DIRECT ENERGY SERVICES, LLC, DIRECT ENERGY CONTACT CENTER, CLOCKWORK ACQUISITION II, INC., DIRECT ENERGY LEASING, LLC, fka HWOA, LLC, DIRECT ENERGY US HOMES SERVICES, INC., DBA DE DIRECT ENERGY US HOMES SERVICES, INC., DIRECT ENERGY MARKETING, INC., CENTRICA CONNECTED HOMES US, INC., CENTRICA HOLDCO GP, LLC, CENTRICA HOLDCO, INC., CENTRICA US HOLDINGS, INC., HOME WARRANTY OF AMERICA, INC.,<br><br>　　　　Defendants. | Case No. 2:16-CV-03657-SPL<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

　　　Defendants Direct Energy Business Marketing, LLC, Direct Energy Business, LLC, dba DE Business, LLC, Direct Energy Services, LLC, Direct Energy Contact Center, Clockwork Acquisition II, Inc., Direct Energy Leasing, LLC, fka HWOA, LLC, Direct Energy US Homes Services, Inc., dba DE Direct Energy US Homes Services, Inc., Direct

Energy Marketing, Inc., Centrica Connected Homes US, Inc. (incorrectly named in the Complaint as "Centrica Connect Homes US, Inc."), Centrica Holdco GP, LLC, Centrica Holdco, Inc., Centrica US Holdings, Inc., and Home Warranty of America, Inc. (collectively "Direct Energy" or "Defendants"), by and through undersigned counsel, hereby submit their Answer to Plaintiff's Complaint.[1]  For their Answer, Defendants admit, deny, and state as follows:

## I.  NATURE OF THE CASE[2]

1. In response to Paragraph 1 of the Complaint, Defendants admit Plaintiff is purporting to bring this action for an alleged failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and alleged failure to pay wages due in violation of the Arizona Wage Act, but Defendants deny any liability whatsoever.  Defendants deny any and all remaining allegations in this Paragraph not expressly admitted.

2. In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff is purporting to bring this action as a class and collective action, but deny any liability whatsoever.  Defendants also deny the purported "class" is a proper class under applicable law, and deny any and all remaining allegations in this Paragraph not expressly admitted.

3. In response to Paragraph 3 of the Complaint, Defendants deny the allegations therein including, but not limited to, that three years is the proper limitations period in this case, that Defendants violated any applicable laws, that the purported "class" of "Plaintiff

---

[1] Plaintiff, and the other purported class members, are employed by Clockwork Acquisition II, Inc., and not any of the other named Defendants.  Therefore, none of the other named Defendants are proper parties in this action and should be dismissed.  Additionally, for sake of brevity, instead of denying that Plaintiff and the other purported class members work as "Customer Service Representatives" for "Direct Energy" in response to each paragraph that mentions this, Defendants hereby deny that and instead state, for each such paragraph, that Plaintiff and the other purported class members work as "Sales and Service Agents" for Clockwork Acquisition II, Inc.

[2] By restating the header "Nature of the Case," and other headers used by Plaintiff in her Complaint, Defendants do not admit that any of the facts alleged in the Complaint are true, or that any of Plaintiff's allegations or requests for relief have any merit whatsoever.  Rather, Defendants stand by the specific responses made throughout this Answer.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

and all similarly situated current and former Customer Service Representatives" is a proper class, and that Defendants have any liability whatsoever to Plaintiff or the other purported class members.

4. In response to Paragraph 4 of the Complaint, insofar as the allegations assert a legal conclusion, they require no response, and Defendants the allegations in this Paragraph.

## II. JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, the allegations therein assert a legal conclusion that requires no response. Insofar as the allegations in Paragraph 5 are construed to require a response, Defendants admit this Court has subject matter jurisdiction, but deny they have any liability whatsoever for the claims alleged in the Complaint.

6. In response to Paragraph 6 of the Complaint, the allegations therein assert a legal conclusion that requires no response. Insofar as the allegations in Paragraph 6 are construed to require a response, Defendants admit this Court has supplemental jurisdiction of the Arizona Wage Act claim, but deny they have any liability whatsoever for the claims alleged in the Complaint.

7. In response to Paragraph 7 of the Complaint, because the allegations therein assert a legal conclusion, they require no response. Insofar as the allegations in Paragraph 7 are construed to require a response, Defendants admit venue is proper, but deny they have any liability whatsoever for the claims alleged in the Complaint.

## III. PARTIES

8. In response to Paragraph 8 of the Complaint, Defendants are without sufficient information or belief to admit or deny the allegations therein and, therefore, deny the same.

9. In response to Paragraph 9 of the Complaint, Defendants admit Plaintiff has been employed as a full-time, non-exempt Sales and Service Agent of Clockwork Acquisition II, Inc., in its Tempe, Arizona facility since about May 2015.

10. In response to Paragraph 10, Defendants admit Plaintiff was paid $13.00 per hour when she began working for Clockwork Acquisition II, Inc., and that was raised to

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-3-

$13.39 per hour on April 1, 2016, plus incentive pay on a biweekly basis. Defendants deny any and all remaining allegations in this Paragraph not expressly admitted.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Exhibit A contains a Consent to Become Party Plaintiff purportedly signed by Plaintiff, but Defendants are without sufficient knowledge or belief as to whether the signature is in fact Plaintiff's, therefore, they deny same.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Direct Energy Business Marketing, LLC, is a Delaware limited liability company authorized to do business in Arizona, but deny that it is a proper Defendant in this case.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Direct Energy Business, LLC, dba DE Business, LLC, is a Delaware limited liability company authorized to do business in Arizona, but deny that it is a proper Defendant in this case.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Direct Energy Services, LLC, is a Delaware limited liability company, but deny that it is authorized to do business in Arizona or is a proper Defendant in this case.

15. In response to Paragraph 15 of the Complaint, Defendants admit Direct Energy Contact Center is a trade name for Clockwork Acquisition II, Inc., which is a Delaware (but not an Arizona) corporation authorized to do business in Arizona. Defendants state that only Clockwork Acquisition II, Inc., as Plaintiff's employer, is the proper named Defendant in this case.

16. In response to Paragraph 16 of the Complaint, Defendants admit that Direct Energy Leasing, LLC, fka HWOA, LLC, is a Delaware limited liability company authorized to do business in Arizona, but deny that it is a proper Defendant in this case.

17. In response to Paragraph 17 of the Complaint, Defendants admit that Direct Energy US Home Services, Inc., is a Delaware corporation, but deny that it is authorized to do business in Arizona or is a proper Defendant in this case.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

18. In response to Paragraph 18 of the Complaint, Defendants admit Direct Energy Marketing, Inc., is a Delaware corporation, but deny that it is authorized to do business in Arizona or is a proper Defendant in this case.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Centrica Connected Home US, Inc., is a Delaware corporation, but deny that it is authorized to do business in Arizona or is a proper Defendant in this case.

20. In response to Paragraph 20 of the Complaint, Defendants admit that Centrica Holdco GP, LLC is a Delaware limited liability company, but deny that it is authorized to do business in Arizona or is a proper Defendant in this case.

21. In response to Paragraph 21 of the Complaint, Defendants state that Centrica Holdco, Inc., merged with and into Centrica Holdco GP, LLC in 2006, so Defendants deny the allegations in this Paragraph, and deny that Centrica Holdco, Inc., is a proper Defendant in this case.

22. In response to Paragraph 22 of the Complaint, Defendants admit that Centrica US Holdings, Inc., is a Delaware corporation, but deny that it is authorized to do business in Arizona or is a proper Defendant in this case.

23. In response to Paragraph 23 of the Complaint, Defendants state there are two Home Warranty of America, Inc., corporations. The first is incorporated in California and is not authorized to do business in Arizona, and the second is an Illinois corporation authorized to do business in Arizona. Defendants deny that either is a proper Defendant in this case.

24. In response to Paragraph 24, Defendants deny the allegations in this Paragraph.

25. In response to Paragraph 25, Defendants admit its Sales and Service Agents in the Tempe, Arizona, call center, like Plaintiff, are non-exempt employees under the FLSA and employees under the Arizona Wage Act. Defendants deny any and all remaining allegations in this Paragraph not expressly admitted.

26. In response to Paragraph 26, Defendants deny "Direct Energy" as used in the Complaint is or was Plaintiff's employer under the FLSA and Arizona Wage Act.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

Defendants affirmatively state that Clockwork Acquisition II, Inc., is an employer as defined in those statutes.

27. In response to Paragraph 26, Defendants deny the allegations with respect to "Direct Energy" as defined in the Complaint, but affirmatively state that Clockwork Acquisition II, Inc., is engaged in interstate commerce and an enterprise whose annual volume of sales made or business done is greater than $500,000.

## IV.  FACTUAL BACKGROUND

28. In response to Paragraph 28, Defendants deny the allegations.

29. In response to Paragraph 29, Defendants deny they have other call centers in Arizona other than in Tempe.  Defendants admit Clockwork Acquisition II, Inc., employs Sales and Service Agents in the Tempe, Arizona, facility to, among other things, assist customers.

30. In response to Paragraph 30, Defendants admit Clockwork Acquisition II, Inc., has employed Plaintiff since about May 2015.

31. In response to Paragraph 31, Defendants admit that Plaintiff, in her position with Clockwork Acquisition II, Inc., assists customers with services provided by vendors and has other duties.  Defendants deny the remaining allegations in this Paragraph.

32. In response to Paragraph 32, Defendants admit that Plaintiff, in her position with Clockwork Acquisition II, Inc., assists customers with services provided by vendors and has other duties.

33. In response to Paragraph 33, Defendants admit that Plaintiff, in her position with Clockwork Acquisition II, Inc., assists customers with services provided by vendors and has other duties.  Defendants deny the remaining allegations in this Paragraph.

34. In response to Paragraph 34, Defendants admit that Plaintiff, in her position with Clockwork Acquisition II, Inc., assists customers with services provided by vendors and has other duties.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

35. In response to Paragraph 35, Defendants admit Plaintiff initially was paid $13.00 per hour plus incentive pay, and now is paid $13.39 per hour plus incentive pay on a biweekly basis, but deny she is or was paid a "commission."

36. In response to Paragraph 36, Defendants admit Plaintiff is paid, in part, under an incentive pay plan. Defendants deny the remaining allegations in Paragraph 36.

37. In response to Paragraph 37, Defendants deny the allegations therein.

38. In response to Paragraph 38, Defendants deny the allegations therein

39. In response to Paragraph 39, Defendants deny the allegations therein.

40. In response to Paragraph 40 of the Complaint, Defendants deny the allegations therein.

41. In response to Paragraph 41 of the Complaint, Defendants deny the allegations therein.

42. In response to Paragraph 42 of the Complaint, Defendants deny the allegations therein.

43. In response to Paragraph 43 of the Complaint, Defendants deny the allegations therein.

44. In response to Paragraph 44 of the Complaint, Defendants deny the allegations therein.

45. In response to Paragraph 45 of the Complaint, Defendants deny the allegations therein.

46. In response to Paragraph 46 of the Complaint, the document speaks for itself and no response is required. However, to the extent a response is required, Defendants deny the allegations of Paragraph 46.[3]

47. In response to Paragraph 47 of the Complaint, Defendants deny the allegations therein.

---

[3] Plaintiff's Complaint includes attachments that the applicable Rules do not authorize to be submitted with a Complaint, therefore, Defendants move to strike those attachments and ask the Court to disregard them.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

48. In response to Paragraph 48 of the Complaint, Defendants deny the allegations therein.

49. In response to Paragraph 49 of the Complaint, the document speaks for itself and no response is required. However, to the extent a response is required, Defendants deny the allegations of Paragraph 49.

50. In response to Paragraph 50 of the Complaint, the document speaks for itself and no response is required. However, to the extent a response is required, Defendants deny the allegations of Paragraph 50.

51. In response to Paragraph 51 of the Complaint, Defendants deny the allegations therein.

52. In response to Paragraph 52 of the Complaint, Defendants admit the Tempe call center typically receives it most monthly calls in the May-September months, and Agents generally are offered more overtime in those months. Defendants deny the remaining allegations in this Paragraph.

53. In response to Paragraph 53 of the Complaint, Defendants admit Plaintiff currently is scheduled to work Saturday to Wednesday from 4:00 am-12:30 pm. Defendants also admit Plaintiff occasionally has worked more than 40 hours in a work week. Defendants deny the remaining allegations in this Paragraph.

54. In response to Paragraph 54 of the Complaint, Defendants deny the allegations therein.

55. In response to Paragraph 55 of the Complaint, Defendants deny the allegations therein.

56. In response to Paragraph 56 of the Complaint, Defendants deny the allegations therein.

57. In response to Paragraph 57 of the Complaint, the allegations are vague and ambiguous, and purport to state a legal conclusion, therefore, Defendants deny the allegations therein.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

58. In response to Paragraph 58 of the Complaint, the allegations are vague and ambiguous, and purport to state a legal conclusion, therefore, Defendants deny the allegations therein.

59. In response to Paragraph 59 of the Complaint, Defendants admit they provide employees, including Plaintiff, with written policies and procedures applicable to their position, but deny their characterization as "improper." Defendants deny all remaining allegations in Paragraph 59.

60. In response to Paragraph 60 of the Complaint, Defendants admit the allegations therein.

61. In response to Paragraph 61 of the Complaint, Defendants deny the allegations therein.

## COLLECTIVE ACTION ALLEGATIONS

62. In response to Paragraph 62 of the Complaint, Defendants admit that Plaintiff is seeking to bring her claim under the FLSA as a collective action on behalf of herself and others similarly situated, but deny any liability whatsoever.

63. In response to Paragraph 63 of the Complaint, Defendants deny the allegations therein.

64. In response to Paragraph 64 of the Complaint, Defendants deny the allegations therein.

65. In response to Paragraph 65 of the Complaint, Defendants admit that some other Sales and Service Agents may perform some similar duties as Plaintiff. Defendants deny all remaining allegations in Paragraph 65.

66. In response to Paragraph 66 of the Complaint, Defendants deny the allegations therein.

67. In response to Paragraph 67 of the Complaint, Defendants admit that non-exempt employees are entitled to overtime compensation under the FLSA, but deny any remaining allegations in this Paragraph and that they have any liability in this matter.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

## CLASS ACTION ALLEGATIONS

68. In response to Paragraph 68 of the Complaint, the allegations therein assert a legal conclusion that requires no response and, otherwise, Defendants deny the allegations therein.

69. In response to Paragraph 69 of the complaint, Defendants deny the allegations therein and, particularly, that a "class" is appropriate in this matter.

70. In response to Paragraph 70 of the Complaint, the allegations therein assert a legal conclusion that requires no response and, otherwise, Defendants deny the allegations therein.

71. In response to Paragraph 71 of the Complaint, Defendants deny the allegations therein.

72. In response to Paragraph 72 of the Complaint, the allegations therein assert a legal conclusion that requires no response and, otherwise, Defendants deny the allegations therein.

73. In response to Paragraph 73 of the Complaint, the allegations therein assert a legal conclusion that requires no response and, otherwise, Defendants deny the allegations therein.

74. In response to Paragraph 74 of the Complaint, the allegations therein assert a legal conclusion that requires no response and, otherwise, Defendants deny the allegations therein

75. In response to Paragraph 75 of the Complaint, the allegations therein assert a legal conclusion that requires no response and, otherwise, Defendants deny the allegations therein

## COUNT ONE

**(Failure to Properly Pay Overtime Wages and Recordkeeping Violations - FLSA - 29 U.S.C. § 207 et seq.)**

76. In response to Paragraph 76, Defendants incorporate by reference their responses to all preceding paragraphs.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-10-

1    77.    In response to Paragraph 77, Defendants admit the allegations therein.

2    78.    In response to Paragraph 78, Defendants admit Clockwork Acquisition II, Inc., is an employer under the FLSA.

3    79.    In response to Paragraph 79 of the Complaint, Defendants deny the allegations therein.

4    80.    In response to Paragraph 80 of the Complaint, Defendants deny the allegations therein.

5    81.    In response to Paragraph 81 of the Complaint, Defendants deny the allegations therein.

6    82.    In response to Paragraph 82 of the Complaint, Defendants deny the allegations therein.

## COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute)**

83.    In response to Paragraph 83, Defendants incorporate by reference their responses to all preceding paragraphs.

84.    In response to Paragraph 84, Defendants deny they failed to pay Plaintiff wages due under Arizona law.

85.    In response to Paragraph 85, Defendants deny they failed to pay Plaintiff wages due under Arizona law.

86.    In response to Paragraph 86, Defendants deny the allegations therein.

87.    In response to Paragraph 87, Defendants deny the allegations therein.

88.    Defendants deny any and all allegations set forth in the Complaint that are not expressly admitted herein.

## REQUESTED RELIEF

In response to Plaintiff's request for relief, comprised of the unnumbered Paragraphs and subparts A-K, beginning with "WHEREFORE," following Paragraph 87 of Plaintiff's Complaint, the paragraph contains no factual allegations that require a response. Insofar as any portion of the request for relief is construed to require a response, Defendants deny the

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-11-

allegations therein and affirmatively state that Plaintiff is not entitled to any relief, including what she has requested.

## JURY DEMAND

In response to the "Demand for Jury Trial" submitted as Paragraph 88 of Plaintiff's Complaint, Defendants state that this is a jury demand to which no response is required.

## AFFIRMATIVE DEFENSES

Based on Defendants' knowledge of the facts to date, Defendants assert the following affirmative defenses. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendants plead as follows:

1. Plaintiff has improperly named the following entities as Defendants in this action: Direct Energy Business Marketing, LLC, Direct Energy Business, LLC, dba DE Business, LLC, Direct Energy Services, LLC, Direct Energy Contact Center, Direct Energy US Homes Services, Inc., dba DE Direct Energy US Homes Services, Inc., Direct Energy Marketing, Inc., Centrica Connected Homes US, Inc., Centrica Holdco GP, LLC, Centrica Holdco, Inc., Centrica US Holdings, Inc., and Home Warranty of America, Inc. Defendants assert that none of these entities employs Plaintiff and all such improperly named Defendants should be dismissed. Defendants further assert that the only proper Defendant in this lawsuit is Clockwork Acquisition II, Inc., which is Plaintiff's employer.

2. Plaintiff's Complaint and each purported claim for relief stated therein fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred to the extent Plaintiff cannot establish that any acts or omissions of Defendants were willful.

4. Plaintiff's claims for relief and penalties are barred, in whole or in part, on the grounds that, at all times alleged herein, Defendants acted in good faith, and with a reasonable basis for so acting including, without limitation, in accordance with prior administrative and judicial determinations relating to the law and the putative class.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

5. Plaintiff is not entitled to recover liquidated or punitive damages because any act or omission of Defendants, to the extent it did or did not occur, was taken or not taken in good faith and with a reasonable belief that the act or omission was not in violation of the law.

6. To the extent Plaintiff or those she purports to represent have any damages, Defendants are entitled to offset those damages by amounts already paid and other mitigating factors.

7. Defendants allege that they did not suffer or permit Plaintiff and those she purports to represent to perform the work for which they seek compensation in this action.

8. Some or all of the claims asserted in the Complaint are barred by the applicable statutes of limitations and, without admitting any liability whatsoever, Defendant states the proper statutes of limitations are two years for the FLSA claim and one year for the Arizona Wage Act claim.

9. Plaintiff's alleged damages, if any, are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendants.

10. Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

11. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §§ 259 and 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

12. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and the other the relevant individuals were engaged in activities that were preliminary or postliminary to their principal activities.

13. Plaintiff's claims are barred in whole or in part because the alleged uncompensated work performed was *de minimis* in nature.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-13-

14. Defendants assert that some or all of the work allegedly performed was done without Defendants' knowledge or authorization, was contrary to express instructions, was not required by Defendants as a term or condition of the continued employment, was not suffered or permitted, was actively concealed, and does not constitute compensable working time under the FLSA, as a matter of law, pursuant to 29 C.F.R. § 785 *et seq*.

15. Defendants deny there has been any violation of the FLSA, however, if any violation is found, all of Defendants' actions regarding the relevant individuals were taken with a good faith understanding that they were in compliance with the FLSA and neither Plaintiff nor those she purports to represent is entitled to any amount of liquidated damages.

16. Plaintiff and those she purports to represent were properly paid all wages due as required by federal and Arizona law, therefore, they have no valid claims.

17. Defendants assert that a reasonable, good faith dispute existed regarding the amounts of wages, if any, that were owed to Plaintiff and those she purports to represent. Therefore, an award of treble damages under the Arizona Wage Act is not available in this case. A.R.S. § 23-352(3).

18. Defendants assert there are no employees of Defendants who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. §216(b).

19. Defendants assert that Plaintiff has not and cannot meet the requirements for certifying this action as a collective or class action.

20. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants have done their best to anticipate the possible affirmative defenses consistent with the requirements of FRCP 8(c), but they reserve the right to assert additional defenses, to the extent such defenses are or become applicable, as well as to develop facts in support of their affirmative defenses. To the extent any affirmative defense is, ultimately, not applicable, in whole or in part, it will be, in good faith, amended or withdrawn.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-14-

**WHEREFORE,** Defendants request that the Court:

1. Enter judgment in favor of Defendants and dismiss Plaintiff's Complaint with prejudice in its entirety;

2. Award Plaintiff, or anyone she purports to represent, nothing from Plaintiff's Complaint;

3. Award Defendants their reasonable attorneys' fees and costs of suit incurred herein; and

4. Award Defendants such other and further relief as the Court deems just and proper.

DATED this 9th day of December, 2016.

*s/ Steven G. Biddle*
Steven G. Biddle
Cory G. Walker
Melissa L. Shingles
LITTLER MENDELSON, P.C.
Attorneys for Defendants

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 9th day of December, 2016:

Ty D. Frankel
Patricia N. Syverson
Bonnett, Fairbourn, Friedman & Balint, PC
2325 East Camelback Road, Ste. 300
Phoenix, Arizona 85016
Attorneys for Plaintiff

*s/ Tisha A. Davis*

Firmwide:143906485.2 048647.1095

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600