**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maribel Alvarez,<br><br>              Plaintiff,<br>vs.<br><br>Direct Energy Business Marketing LLC, et al.,<br><br>              Defendants. | No. CV-16-03657-PHX-SPL<br><br>**ORDER** |

Before the Court are Plaintiff's Unopposed Application for Attorneys' Fees and Costs and Service Awards (Doc. 272) and Motion for Approval of the Class Action Settlement (Doc. 274). For the following reasons, the Court will grant the motions.

On October 21, 2016, Maribel Alvarez ("Plaintiff") filed this collective action on behalf of herself and other similarly situated employees of Direct Energy Business Marketing LLC and its affiliates ("Defendants"), alleging that Defendants failed to pay hourly wages, commissions/incentive wages, and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). (Doc. 1) Plaintiff also alleged violations of the Arizona Wage Statutes, A.R.S. §§ 23-351, -352, -353, and -355 and requested class certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). (Doc. 1)

On March 8, 2019, after participating in extensive discovery in this case as well as arms-length negotiations, the parties filed a Joint Notice of Settlement. (Doc. 251) On July 25, 2019, the parties filed a Motion for Preliminary Approval of Proposed FLSA Collective

Action and Rule 23 Class Action Settlement. (Doc. 266) The Court granted the Motion and preliminarily approved the settlement on November 11, 2019. (Doc. 267)

The parties' agreement states that Defendants shall provide for a total gross settlement amount of $1.3 million, $856,041 of which is not subject to reversion. (Doc. 274 at 3) In the Order preliminarily approving the settlement, the Court: (1) conditionally certified the Rule 23 class for settlement purposes; (2) confirmed the appointment of Maribel Alvarez as the class representative; (3) confirmed the appointment of Ty Frankel and Patricia Syverson as class counsel; and (4) approved the notice of settlement to all prospective class members pursuant to Rule 23 and the Class Action Fairness Act of 2005.[1] (Doc. 267 at 5-6) In November of 2019, the Settlement Administrator sent the notice of settlement to each prospective class member, and the deadline for objections ended on January 16, 2020. (Doc. 274 at 3, 5-6) To date, 23 of the 25 FLSA Opt-in class members have submitted claims and 185 of the 893 Rule 23 class members have submitted claims. (Doc. 279 at 2) There are no objections to the settlement. (Doc. 274 at 6)

On January 7, 2020, Plaintiff filed the Unopposed Application for Attorneys' Fees and Costs and Service Awards. (Doc. 272) On January 23, 2020, Plaintiff filed the Motion for Approval of the Class Action Settlement. (Doc. 274) On January 30, 2020, the Court held a final fairness hearing pursuant to Rule 23(e). (Doc. 275) At the hearing, the Court ordered that: (1) Plaintiff's counsel submit an itemized billing statement in support of their request for attorneys' fees and costs; and (2) the parties submit a joint notice of settlement outlining the final accounting calculations under the settlement agreement. (Doc. 275) The parties timely submitted the requested documents. (Docs. 276, 279) The Court has read and considered the settlement agreement, the pending motions, and the record in this case. The Court finds that, in consideration of the almost four years of litigation and the reasons stated below, the settlement agreement is fundamentally fair, reasonable, adequate, and in the best interest of the class members. Accordingly,

---

[1] 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

**IT IS ORDERED** that Plaintiff's Unopposed Application for Attorneys' Fees and Costs and Service Awards (Doc. 272) and Motion for Approval of the Class Action Settlement (Doc. 274) are **granted**.

**IT IS FURTHER ORDERED**:

1. For settlement purposes only, the Court certifies the following Settlement Classes:

>   a. "Rule 23 Class Members" includes Direct Energy employees who worked as customer service representatives at an Arizona Direct Energy call center in Arizona from October 21, 2013 to August 30, 2018 and whose names are set forth in an exhibit to the Settlement Agreement.
>
>   b. "FLSA Opt-in Class Members" means the current and former Customer Service Representatives who worked at a Direct Energy call center in Arizona who validly opted into this Lawsuit and who did not subsequently opt out and whose names are set forth in an exhibit to the Settlement Agreement.

2. For settlement purposes only, the Court appoints the following attorneys to act as Settlement Class Counsel: Ty Frankel and Patricia Syverson of Bonnett, Fairbourn, Friedman & Balint, P.C.

3. For settlement purposes only, the Court appoints Maribel Alvarez as Class Representative.

4. The Court finds that notice to the Settlement Classes was provided in accordance with the Court's Preliminary Approval Order. (Doc. 267) This notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted sufficient notice to all persons entitled to notice of the settlement.

5. The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the class members, especially in light of: "the strength of the Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 611 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

6. The Settlement Agreement, which is outlined in Docket Numbers 266-1 and 279, shall be deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. All terms of the Settlement Agreement are approved by this Final Approval Order. The fact that this Final Approval Order specifically identifies or summarily recapitulates some, but not other, provisions of the Settlement Agreement does not modify any provision of the Settlement Agreement, nor does it elevate or demote any provision vis á vis any other provision, nor does it create an inference in that regard.

7. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

8. By operation of this Final Approval Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, and the

Released Parties release and forever discharge Plaintiff and Settlement Class Counsel, as set forth in the Settlement Agreement.

9. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

10. The Court makes the following awards pursuant to the Settlement Agreement:

    a. $132,602.03 as payment for the FLSA Opt-in Class Members who timely submitted claims.

    b. $152,804.23 as payment for the Rule 23 Class Members who timely submitted claims.

    c. $25,000 as payment for the administration of the Settlement Agreement.

    d. $38,500 as incentive awards to Plaintiff Alvarez and certain FLSA Opt-in Class Members, as set forth in the Settlement Agreement.

    e. $624,829 as attorneys' fees and costs to Bonnett, Fairbourn, Friedman & Balint, P.C.

    f. Any additional outstanding costs to be paid from Defendants' reversionary allotment.

11. The Court finds that the parties' agreement to include a reversionary allotment for Defendants is justified in this case. Members of each class are set to receive at least thirty percent of their estimated damages. (Doc. 274 at 9) This amount is consistent with other cases involving the underpayment of wages. *See Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *3 (D. Ariz. July 25, 2019) (finding settlement of wage and hour class action for "one-half or one-third of the total possible recovery" to be reasonable). Additionally, the

reversionary allotment represents only twenty-five percent of the total settlement fund. Therefore, the Court finds that the reversionary fund was reasonably included in the Settlement Agreement.

12. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

13. Without affecting the finality of this Order, The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to this action and/or the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Order.

14. Plaintiff's Complaint (Doc. 1) is hereby dismissed with prejudice without costs to any party, except as provided in the Settlement Agreement.

Dated this 2nd day of March, 2020.

Honorable Steven P. Logan
United States District Judge